UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS A. COLLINS

VERSUS

MICHAEL SEAGO, ET AL

CIVIL ACTION

NUMBER 11-130-JJB-SCR

## RULING ON MOTION TO COMPEL CLERK OF COURT TO CREATE DOCKET ENTRY AND HYPERLINKS

Before the court is the plaintiff's Motion to Compel Clerk of Court to Create a Docket Entry Labeled Exactly as Is Petitioned Herein and to Create ECR Hyperlinks Now and Henceforth as They Are Requested by Plaintiff to Be Hyperlinked. Record document number 8.

In this motion the plaintiff seeks an order requiring the Clerk of Court to make a docket entry exactly as demanded by the plaintiff and to create a hyperlink in the docket entry such that the document (an exhibit) is directly accessible to the news media via PACER. Although not demanded explicitly in the motion, the title of the motion indicates that the plaintiff also wants the Clerk of Court to create docket entry hyperlinks in the future.

There is no requirement in the court's Administrative Procedures for Filing Electronic Documents which requires the Clerk of Court to create hyperlinks to an exhibit filed with another document by a party who is proceeding pro se. The Administrative Procedures require that pro se parties file paper originals, which

will be scanned into an electronic file by someone in the clerk's office.  The docket sheet entry is made by a person in the clerk's office.  The docket sheet entry will hyperlink to the document, e.g., a motion.  The document may include a supporting memorandum, exhibits or a proposed order.  The Administrative Procedures do not require the Clerk of Court to create a separate hyperlink on the docket sheet to other such papers which are part of the document.  All other papers filed with the document are accessible via the hyperlink to the document.  Although separate hyperlinks to memoranda and exhibits are often provided by attorneys filing documents electronically, the clerk of court is not required to create them for pro se parties.

Nor is there any provision in the Administrative Procedures which allows a pro se party to demand that a docket entry read a particular way.  So long as the docket entry identifies the nature of the document and on whose behalf it was filed, that is sufficient.

Insofar as the plaintiff is concerned that members of the news media and other should have ready access to his filings via PACER, the plaintiff may advise anyone else and the news media when he files something which he believes warrants their attention.

Finally, it is not apparent how the exhibit which is the subject of this motion is relevant to the RICO claim asserted in

the plaintiff's Complaint.[1] The case record is not a file cabinet where the party can store irrelevant materials so they can be more easily available others. Nor is the court's electronic filing system intended to serve as a means of dissemination of opinions not relevant to the issues in a particular case.[2]

Accordingly, the plaintiff's Motion to Compel Clerk of Court to Create a Docket Entry Labeled Exactly as Is Petitioned Herein and to Create ECR Hyperlinks Now and Henceforth as They Are Requested by Plaintiff to Be Hyperlinked is denied.

Plaintiff is cautioned that intentionally filing irrelevant materials in the court record may result in the imposition of sanctions as provided by Rule 11, Fed.R.Civ.P.

Baton Rouge, Louisiana, April 14, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] The title of the exhibit is "Bell Curve Graphic Depicting Time Frame of The Restoration of Democracy, Constitutional Government and the Good Order of Society in The United States of America."

[2] For the purpose of ruling on this motion, it is not necessary to address the plaintiff's remarks about alleged criminal violations by various persons (including the undersigned and two district judges), or his remarks about the President of the United States of America, or his demand that the district judge assigned to this case must pay him "my billion dollars right now," or his other remarks which are not relevant to the relief sought in the motion.

3