UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS A. COLLINS

VERSUS

MICHAEL SEAGO, ET AL.

CIVIL ACTION

NO. 11-130-JJB-SCR

## **RULING**

Plaintiff Francis A. Collins having been allowed to proceed in forma pauperis (doc. 11), this matter is before the court for review under 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, the court finds that this matter should be summarily dismissed with prejudice.

Collins brings this action asserting civil RICO[1] claims based upon an alleged "pattern of racketeering activity" involving two "predicate acts" consisting of "theft of services by fraud" using the "mail, telephone and internet for almost two years." In essence, Collins alleges that defendant Michael Seago employed him to perform accounting services in connection with Seago's development of six housing projects. Collins claims that Seago committed "theft by fraud" by failing to fully pay his professional fees billed in connection with the first and the sixth of these projects, sometimes referred to as "North Street 1" and/or "Camille Village."

More particularly, plaintiff claims that Seago conducted "an enterprise" with

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et seq.

1

two legal entities that were "100% controlled" by Seago, i.e., North Street 1,LLC and Camille Village, LLC. It is alleged that Seago "fraudulently induced plaintiff to produce an uncompleted accounting report," which Seago then used to "obtain a false and excessive calculation of a Loss on Development report" thereby injuring plaintiff and depriving the United States in excess of a million dollars in tax revenues. While Collins specifically states that he is "not undertaking to defend the interests of the United States or any other party," he requests that the court order the government to properly investigate and prosecute the matter.[2]

To support his claims of "theft of services," Collins attaches "documentary evidence" consisting of his declaration under penalty of perjury, an invoice for $2,205, an invoice for $3,750, Collin's "Report of Analysis of Developer Loss resulting from development of Camille Village Apartments", and correspondence from Seago offering to pay $500 to settle the matter "in full" (Exhs. A-F). According to Collins' declaration, the first "theft of professional services" occurred when Seago refused to pay the $2,200 invoice, which however was later admittedly paid by "Summit Apartment Management Company... from Camille Village Apartments' rental operation bank account." Collins purportedly performed "four more tasks for Mr. Seago" which were "billed immediately and with Mr. Seago's approval... paid by

---

[2] Collins further asserts nebulous claims of "extortion" of building contractors and architects by means of "malicious prosecution." These claims are plainly irrelevant to any damages suffered by plaintiff. Collins may only recover for injuries to his business or property.

2

Summit Apartment Management Company without hesitation until the sixth time." Collins declares that the final invoice of $3,750 was never paid despite being "very reasonable;" and, his employment was suddenly terminated upon Seago's receipt of the interim report, accomplishing a second "theft of services." When Seago "resisted" plaintiff's "collection efforts for a year," plaintiff filed his demand for RICO damages.

Pursuant to 28 U.S.C. § 1915(e), an action brought in forma pauperis is subject to dismissal if it is frivolous, malicious or fails to state a claim. An claim is "frivolous" when it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25 (1992). While the court cannot dismiss claims simply because they are "unlikely;" factual allegations that are clearly baseless are subject to dismissal, including those that are "fanciful, fantastic and delusional" or "irrational or ... wholly incredible." Id.

To support a civil RICO claim, plaintiff must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct or control of an enterprise." Abraham v. Singh, 480 F.3d 351, 355 (5th Cir. 2007). A showing of two or more "predicate criminal acts" is required for there to be a "pattern of racketeering activity." Id. The predicate acts must be "(1) related and (2) amount to or pose a threat of continued criminal conduct." Id. While "continuity" may be alleged in various ways, it may be seen as "both a closed and open-ended concept, referring either to a closed period

3

of repeated conduct, or past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241 (1989).

Having carefully reviewed the complaint and the exhibits, it is apparent that the civil RICO claims lack any arguable basis in law or fact. There are no factual allegations to establish that plaintiff sustained injuries as a result of Seago engaging in a pattern of racketeering activity connect to the conduct of an enterprise.[3] Plaintiff must allege two or more predicate *criminal* acts for there to be a pattern of racketeering activity. St. Germain v. Howard, 556 F.3d 261 (5th Cir. 2009). Accepting the factual allegations as true, it is apparent that this is simply a contractual dispute arising from a business transaction between plaintiff and Seago. Plaintiff's allegations of "theft of services by fraud" using the "mail, telephone and internet" are merely legal conclusions without factual support. Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc., 2002 WL 550450 (N.D. Tex. 2002) (rejecting civil RICO claims for alleged scheme to defraud an accounting firm of services rendered by defendant's use of multiple acts of mail, wire and/or "email fraud").

Moreover, the billing dispute here falls within the scope of what is referred to as "an isolated or sporadic incident," which is insufficient to support a RICO claim

---

[3] The court finds no need to explore an additional requisites such as whether plaintiff has sufficiently alleged that there was an "enterprise" that existed "separate and apart from the pattern of activity in which it engages." See, Elliott v. Foufas, 867 F2d. 877, 811 (5th Cir. 1989).

4

as there is no threat of future criminal conduct. Plaintiff concedes in his complaint that he was paid for all of his services except upon submission of his last invoice. The facts alleged by plaintiff lack the "continuity" component needed to state "a pattern of racketeering activity." Id. There is no danger of such conduct in the future.

While the court would normally provided an opportunity to amend, Collins has clearly set forth his best case by filing an extensive complaint and submitting his documentary evidence. Collins has followed up with several collateral motions (docs. 4, 6, 8, 9, 13 and 14), all attempting to interject irrelevant and impertinent matters. See, Brewster v. Dretke, 587 F.3d 764 (5th Cir. 2009). Further pleadings would not serve to resolve any uncertainties in his claims, but would undoubtedly result in Collins expanding upon his perceived grievances against the judicial system. Accordingly, having conducted preliminary screening under 28 U.S.C. §1915(e)(2)(B), this action will be dismissed sua sponte on the basis of frivolousness.

Baton Rouge, Louisiana, May 6, 2011.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA